Jeffrey C. Matura, State Bar No. 019893
Melissa J. England, State Bar No. 022783
Meral Kocak, State Bar No. 037592
**BARRETT & MATURA, P.C.**
8925 E. Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5711
jmatura@barrettmatura.com
mengland@barrettmatura.com
mkocak@barrettmatura.com
Attorneys for Defendant Maricopa Consolidated
Water Improvement District

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Celida Ponce, | Case No. CV-25-04080-PXH-SMB |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS COUNTS IV, V, X, XI, AND XII OF PLAINTIFF'S COMPLAINT** |
| v. | |
| Maricopa Consolidated Domestic Water Improvement District, | **(Oral Argument Requested)** |
| Defendant. | |

Pursuant to Federal Civil Procedure Rule 12(b)(6), Defendant Maricopa Consolidated Domestic Water Improvement District ("District") moves to dismiss Counts IV, V, X, XI, and XII of Plaintiff Celida Ponce's Complaint. These counts each allege a claim under Arizona state law. A.R.S. § 12-821 states that a party must bring a claim against a public entity within 1 year after the claim accrues. Ponce's state-law claims accrued on June 4, 2024, which is the date the District terminated her employment. Ponce therefore had until June 4, 2025 to allege any state-law claims; yet, she did not file her Complaint against the District until October 30, 2025. Her state-law claims are therefore untimely.

This motion is supported by the Court's file and the following memorandum of points and authorities.[1]

---

[1] Pursuant the Court's Preliminary Order [Doc. 5], a Certificate of Conferral is attached as

## MEMORANDUM OF POINTS AND AUTHORIEIS

I.  **FACTUAL BACKGROUND.**

    A.  **Ponce's Employment with the District.**[2]

The District is a municipal entity located in the City of Maricopa, Arizona. *See* Complaint [Doc. 1], at ¶¶ 9, 262. Ponce began working for the District as an Office Assistant in February 2022. *Id*. at ¶ 15. The District also hired Gloria Landa-Estrada ("Gloria") as a Manager. *Id*. at ¶ 16.

On March 23, 2024, Ponce saw videos on the District's Ring device of Gloria hugging and kissing another employee, Matt Willford ("Matt"). *Id*. at ¶¶ 24-27. Ponce also observed Gloria gossiping and spreading false and humiliating information about her. *Id*. at ¶ 28. Ponce therefore contacted the District's Board Chairman to discuss her concerns. *Id*. at ¶¶ 29-34. Specifically, Ponce told the Board Chairman that it was inappropriate for Gloria to engage in an amorous activities at work, it created a conflict of interest for Gloria and Matt to fraternize and that doing so violated the District's policies, and it was essential for the District to address Gloria's false statements about her to vindicate her reputation and ensure her job security. *Id*. at ¶ 30.

On March 25, 2024, Ponce was approached by Gloria and Matt in an aggressive and confrontational manner. *Id*. at ¶ 35.[3] Gloria told Ponce that she was going to break up her and Matt's respective marriages and that Gloria was going to "destroy her." *Id*. at ¶¶ 36-57. Ponce believed that Gloria "detested her" because she was "an older woman in the workplace." *Id*. at ¶ 43.

---

Exhibit 1 to attest that the parties conferred regarding the basis for this Motion, but were unable to reach an agreement.

[2] The facts in this section are taken from the allegations in the Complaint, which are assumed to be true for purposes of this Motion only (the District otherwise denies the majority of Ponce's allegations).

[3] The Complaint states that this event occurred on "Monday, March 26, 2025," but this date is an error, as other allegations in the Complaint confirm that March 25, 2024 is the correct date. *See e.g.* ¶ 144 of the Complaint. Also, March 26, 2025 is a Wednesday, whereas March 25, 2024 is a Monday, which is the day during the week this event took place.

2

When Ponce arrived at work the next day, Gloria told her that she intended to document that Ponce left early the previous day without permission or notice, which constitutes job abandonment. *Id*. at ¶¶ 59-61.[4] Ponce responded that she left due to Gloria's conduct, at which time Gloria again made derogatory comments to Ponce. *Id.* at ¶¶ 62-66.

Ponce again contacted the Board Chairman to express her concerns. *Id.* at ¶¶ 79-83. On the day they were scheduled to meet, however, the Board Chairman cancelled their meeting and told Ponce he instead had a meeting with Gloria and Matt. *Id.* at ¶¶ 83-87. Ponce then contacted the Board Vice-Chairman, who told Ponce to stop gossiping and spreading rumors and that, if she had a problem with Gloria, she should speak to Gloria. *Id.* at ¶¶ 99-103.

On May 31, 2024, Gloria asked Ponce to review the District's Handbook and to sign an acknowledgment. *Id.* at ¶ 120. Ponce refused to sign the acknowledgement until she had time to fully review the Handbook, after which Matt – who was standing with Gloria – asked Ponce why she had to make things so difficult. *Id.* at ¶¶ 121-125.

On June 3, 2024, Ponce arrived at work and was informed by Gloria that her employment at the District was terminated, effective immediately. *Id.* at ¶¶ 144-145. Ponce believes that Gloria treated her differently compared to her co-employees at the District because of her age. *Id.* at ¶ 173. Ponce also believes the District failed to properly pay her for overtime work she completed. *Id.* at ¶ 174.

**B.    Ponce's Lawsuit Against the District.**

On October 30, 2025, Ponce filed her Complaint against the District. *Id.* Ponce alleges the following claims: Count I (violation of the ADA), Count II (violation of Title VII), Count III (violation of the FLSA), Count IV (violation of the Arizona Civil Rights Act – age), Count V (violation of the Arizona Civil Rights Act – gender), Count VI (violation of 42 U.S.C. § 1983 – procedural due process), Count VII (violation of 42 U.S.C. § 1983 –

---

[4] The Complaint states that this event occurred on March 26, 2025, but this date is another error, as other allegations confirm that March 26, 2024 is the correct date. *See e.g.* ¶ 144 of the Complaint, which confirms the District terminated Ponce in 2024.

substantive due process), Count VIII (violation of 42 U.S.C. § 1983 – *Monell* liability), Count IX (violation of 42 U.S.C. § 1983 – equal protection), Count X (violation of Arizona Employment Protection Act), Count XI (violation of Arizona Public Employee Whistleblower Law), and Count XII (negligent hiring, retention, and supervision). *Id.* at ¶¶ 178-275. The District moves to dismiss Counts IV, V, X, XI, and XII because they are untimely under A.R.S. § 12-821.

## II. THE COURT SHOULD DISMISS COUNTS IV, V, X, XI, AND XII OF PONCE'S COMPLAINT BECAUSE THEY ARE UNTIMELY.

A.R.S. § 12-821 sets a limitation period for claims against a public entity. It states:

> All actions against any public entity or public employee <u>shall</u> be brought within one year after the cause of action accrues and not afterward.

(emphasis added). This statute is strictly construed according to its plain language. *See Flood Control Dist. of Maricopa Cnty. v. Gaines*, 202 Ariz. 248, 252, ¶ 9, 43 P.3d 196, 200 (App. 2002) ("We must interpret an unambiguous statute according to its plain meaning."); *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175, ¶¶ 8-9, 303 P.3d 67, 69 (App. 2013) (stating that A.R.S. § 12-821 is "an unambiguous statute and must be interpreted according to its plain meaning").

A claim accrues under A.R.S. § 12-821 "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). The "'core question' of when a claim accrued is not when the plaintiff was conclusively aware she had a cause of action against a particular party, but instead when 'a reasonable person would have been on notice to investigate.'" *Cruz v. City of Tucson*, 243 Ariz. 69, 72, ¶ 8, 401 P.3d 1018, 1021 (App. 2017) (quoting *Walk v. Ring*, 202 Ariz. 310, ¶¶ 23-24, 44 P.3d 990, 996 (2002)).

Ponce's claims against the District accrued by no later than June 4, 2024, which is the day the District (through Gloria) terminated her employment. *See* Complaint, at ¶¶ 144-

4

145.    In Count IV, Ponce alleges the District discriminated against her regarding her compensation, conditions, and privileges of employment and retaliated against her by terminating her employment due to her complaints about discriminatory conduct in the workplace. *Id*. at ¶¶ 203-204.  In Count V, Ponce alleges the District discriminated against her due to her gender and retaliated against her by terminating her employment because she engaged in protected activity. *Id.* at ¶¶ 213-215.  In Count X, Ponce alleges the District discriminated against her by terminating her employment because she reported violations of Arizona law. *Id.* at ¶¶ 256-258.  In Count XI, Ponce alleges the District retaliated against her by terminating her employment because she reported mismanagement and violations of the law. *Id.* at ¶¶ 263-265.  In Count XII, Ponce alleges that Gloria engaged in hostile, abusive, and violent conduct toward Ponce during her employment, Ponce reported Gloria's conduct to the District, and the District negligently hired, retained, and supervised Gloria and then failed to take corrective action, which caused Ponce to suffer physical and emotional harm, humiliation, and lost wages and benefits. *Id.* at ¶¶ 269-274.

All the events that form the bases for Ponce's claims occurred before or when the District terminated her employment.  Therefore, by June 4, 2024, Ponce knew, or reasonably should have known, all the facts to support her claims against the District and also the causes, sources, acts, events, instrumentalities, or conditions that caused or contributed to her damages.  With an accrual date of June 4, 2024, Ponce had until no later than June 4, 2025 to bring any state-law claims against the District.  A.R.S. § 12-821.  Ponce did not bring any state-law claims against the District until October 30, 2025; therefore, her state-law claims are untimely.

## III.    CONCLUSION.

Ponce's state-law claims are untimely by more than four months based upon the limitations period set forth in A.R.S. § 12-821.  No amendment to the Complaint can cure this deficiency.  The Court should therefore dismiss Counts IV, V, X, XI, and XII of the Complaint, with prejudice.

5

Dated on December 15, 2025.


BARRETT & MATURA, P.C.


By /s/  Jeffrey C. Matura
      Jeffrey C. Matura
      Melissa J. England
      Meral Kocak
      8925 East Pima Center Pkwy, Suite 215
      Scottsdale, Arizona 85258
      Attorneys for Defendant Maricopa
      Consolidated Water Improvement District

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to CM/ECF registrants, and emailed a copy to:

Daniel Cohen
Consumer Attorneys, PLLC
68-29 Main Street
Flushing, New York 11367
dcohen@consumerattorneys.com
Attorneys for Plaintiff Celida Ponce

Emanuel Kataev
Sage Legal, LLC
18211 Jamaica Avenue
Jamaica, New York 11423-2327
emanuel@sagelegal.nyc
Attorneys for Plaintiff Celida Ponce


/s/ Briana Willson
Briana Willson