Daniel Cohen, AZ Bar # 032552
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
(718) 770-7901 (office)
(718) 715-1750 (facsimile)
dcohen@consumerattorneys.com

Emanuel Kataev, Esq.
Admitted *pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Celida Ponce*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Celida Ponce, | |
| Plaintiff, | **Case No.: 2:25-cv-4080 (SMB)** |
| v. | **PLAINTIFF'S MEMORANDUM OF** |
| | **LAW IN OPPOSITION TO** |
| Maricopa Consolidated Domestic Water | **DEFENDANT'S PARTIAL** |
| Improvement District, | **MOTION TO DISMISS** |
| Defendant. | |

**PRELIMINARY STATEMENT**

Plaintiff Celida Ponce ("Ponce" or "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC") respectfully submits the instant memorandum of law in opposition to Defendant Maricopa Consolidated Domestic Water Improvement District's ("Defendant" or the "District") partial motion to dismiss for failure to state a claim under 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rule" or the "Rules").

## FACTS

Plaintiff respectfully refers the Court to the Complaint for the relevant facts.  See ECF Docket Entry 1.

## LEGAL ARGUMENT

### A. Rule 12(b)(6) Standard

Defendant does not bother to state the Rule 12(b)(6) standard for failure to state a claim. Critically, in accordance with this standard, at this stage, Plaintiff need not prove her case; she need only allege sufficient facts "enough to raise a right to relief above the speculative level", thus allowing the Court to draw a reasonable inference of liability. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "When analyzing a complaint for failure to state a claim, 'allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.' [internal citation omitted]." See Arimilli v. Rezendes, No. CV-21-00345-PHX-GMS, 2025 WL 764006, at *2 (D. Ariz. Mar. 11, 2025). Plaintiff has adequately pleaded all claims under this standard.

### B. Counts IV and V of Plaintiff's Complaint are Timely

A.R.S. § 12-821 establishes a one (1) year statute of limitations for actions brought against a public entity or employee. However, the tolling provision there provides that:

> "*Notwithstanding subsection A*, any claim that *must* be submitted to ... an administrative claims process or review process pursuant to a statute, ... *shall not accrue* for the purposes of this statute *until all such procedures, processes or remedies have been exhausted.* The time in which to give notice of a potential claim and to sue on the claim shall run from the date on which a *final decision or notice of disposition is issued* in an alternative dispute resolution procedure, *administrative claim process* or review process."

- 2 -

See Stokka v. Scottsdale Unified Sch. Dist., No. CV-24-01903 (PHX) (DJH), 2025 WL 641195, at *6 (D. Ariz. Feb. 27, 2025); see also A.R.S. § 12-821.01(C).

Moreover, under Title VII and the Arizona Civil Rights Act ("ACRA"), a civil action must be filed within ninety (90) days of the claimant's receipt of a right-to-sue notice issued by the EEOC or the Arizona Civil Rights Division. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); A.R.S. § 41-1481(D). Filing suit within this ninety-day window renders the claims timely as a matter of law.

Here, Plaintiff received her Notice of Right to Sue from the EEOC on August 5, 2025, and promptly filed her Complaint on October 31, 2025, precisely within the ninety (90) day window accorded under the ACRA. There is no accrual until this process has been exhausted, because these claims were first required to be submitted to a separate review process. Accordingly, Counts IV and V of Plaintiff's Complaint, for violations of the ACRA for discrimination and retaliation on the bases of age and sex, respectively, are timely.

### C. Counts X, XI, and XII of Plaintiff's Complaint are Matters of Fact Unsuitable for Dismissal at the Pleading Stage

"In Arizona, a statute of limitations defense may be raised on a motion to dismiss 'if it appears on the face of the complaint that the claim is barred.' *Republic Nat'l Bank of N.Y. v. Pima Cnty.*, 25 P.3d 1, 6 (Ariz. Ct. App. 2001). 'However, courts disfavor statute of limitations defenses, preferring instead to resolve litigation on the merits when possible.' *City of Tucson v. Clear Channel Outdoor, Inc.*, 181 P.3d 219, 225 (Ariz. Ct. App. 2008)." See Stokka, 2025 WL 641195, at *4

"Generally, determining when an action has accrued is a question of fact." See Stokka, 2025 WL 641195, at *5. "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." See A.R.S. § 12-821.01(B). "If a genuine issue of material fact exists as to whether the requirements of this section have been complied with, the issue shall be resolved before a trial on the merits and at the earliest possible time." See A.R.S. § 12-821(G).

Here, although the Complaint does establish as a matter of fact when Plaintiff discovered, or reasonably should have discovered, the facts giving rise to these claims, it omits the fact that the Defendant did, in fact, receive a notice of claim.

A notice is proper if it contains (1) a specific amount for which the claim can be settled; (2) facts supporting that specific amount; and (3) sufficient facts to permit the public entity to understand the basis of its liability. See Doria v. Yavapai College Dist. Governing Bd., No. CV-25-08043-PCT-MTL, 2025 WL 2411051, at *4 (D. Ariz. Aug. 20, 2025) (citing Deer Valley Unified Sch. Dist. No. 97 v. Houser, 214 Ariz. 293, 295 (2007) (*en banc*); Yollin v. City of Glendale, 219 Ariz. 24, 28 (App. 2008)).

Although not referenced in the complaint, on or about October 21, 2024, Plaintiff did in fact serve Defendant with a notice of claim which contained: (1) a specific amount for which the claim can be settled; (2) facts supporting that specific amount; and (3) specific facts permitting Defendant to understand the basis of its liability.  See Declaration of Emanuel Kataev, Esq. ("Kataev Decl.") ¶ 3, **Exhibit ("Ex.") "A"** at 2-7.

- 4 -

Notably, the October 21, 2024 demand letter was delivered on October 22, 2024, well within a year of Plaintiff's June 4, 2024 termination.  See Kataev Decl. ¶ 3, Ex. A at 1.  In such circumstances, Courts routinely find that such pre-litigation demand letters are sufficient to satisfy the notice of claim requirements.  See Hamilton v. Yavapai Community College Dist., No. CV-12-08193 (PCT) (GMS), 2016 WL 5408320, at *6 (D. Ariz. Sept. 28, 2016).

Further, service was proper.  Under the Arizona Rules of Civil Procedure ("ARCP"), governmental entities may be served by delivering a copy of the process to be served upon the entity's chief executive officer, secretary, clerk, or a statutorily designated agent.  See ARCP 4.1(h)(4).  Here, service was made upon Chris Giles ("Giles") via overnight delivery.  See Kataev Decl. ¶ 3, Ex. A.  As alleged in the complaint, Giles is the "board chairman" which is code for chief executive officer at Defendant.  This is evident from a review of Defendant's website, listing Giles in the *top* position under board members.  See Kataev Decl. ¶ 4, Ex. B; see also https://www.maricopadwid.org/mcdwid-board (last accessed December 29, 2025).  Therefore, the notice of claim was properly served.

To the extent the complaint fails to allege this, Plaintiff respectfully seeks leave to replead.  Indeed, courts provide leave to replead in precisely these circumstances.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quotation marks omitted); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)

("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear...that the complaint could not be saved by amendment").

Based on the foregoing, Plaintiff respectfully maintains that Counts X, XI, and XII of Plaintiff's Complaint have been timely pled, in accordance with her discovery of the underlying facts. Regardless, the issue of when Plaintiff reasonably could have discovered these facts presents a fact-intensive inquiry inappropriate for resolution at the pleading stage. Because a notice of claim has been served on Defendant, and since accrual is arguably not apparent on the face of the pleadings, dismissal under A.R.S. § 12-821 is premature. Resolution of this issue would require factual determinations, rendering dismissal at the pleading stage is improper.

## CONCLUSION

For all the foregoing reasons, Defendant's partial motion to dismiss should be denied. Plaintiff's Fourth, Fifth, Tenth, Eleventh, and Twelfth Causes of Action should be allowed to proceed in their entirety.

Respectfully submitted this 29th day of December, 2025.

**CONSUMER ATTORNEYS, PLLC**

*By: /s/ Daniel Cohen, Esq.*
Daniel Cohen, AZ Bar # 032552
6829 Main Street
Flushing, NY 11367-1305
(718) 770-7901 (office)
(718) 715-1750 (facsimile)
dcohen@consumerattorneys.com

- 6 -

**SAGE LEGAL LLC**

<u>By: /s/ Emanuel Kataev, Esq.</u>
Emanuel Kataev, Esq.
Admitted *pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Celida Ponce*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I served a true and correct copy of the following document(s) described as:

1. **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

2. **DECLARATION OF EMANUEL KATAEV, ESQ. IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH ACCOMPANYING EXHIBITS A AND B**

via E-Mail, to the following:

Jeffrey C. Matura
Melissa J. England
Meral Kocak
8925 East Pima Center Pkwy, Suite 215
Scottsdale, Arizona 85258
jmatura@barrettmatura.com
mengland@barrettmatura.com

*Attorneys for Defendant*
*Maricopa Consolidated Water Improvement District*

*/s/ Emanuel Kataev, Esq.*

- 8 -