Jeffrey C. Matura, State Bar No. 019893
Melissa J. England, State Bar No. 022783
Meral Kocak, State Bar No. 037592
**BARRETT & MATURA, P.C.**
8925 E. Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5711
jmatura@barrettmatura.com
mengland@barrettmatura.com
mkocak@barrettmatura.com
Attorneys for Defendant Maricopa Consolidated
Water Improvement District

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Celida Ponce,<br><br>      Plaintiff,<br><br>v.<br><br>Maricopa Consolidated Domestic Water Improvement District,<br><br>      Defendant. | Case No. CV-25-04080-PXH-SMB<br><br>**DEFENDANT'S REPLY TO SUPPORT IT'S MOTION TO DISMISS COUNTS IV, V, X, XI, AND XII OF PLAINTIFF'S COMPLAINT**<br><br>**(Oral Argument Requested)** |

After reviewing Plaintiff Celida Ponce's response and the authorities cited therein, Defendant Maricopa Consolidated Water Improvement District ("the District") agrees that the time period to file her claims arising under the Arizona Civil Rights Act ("ACRA") (Counts IV and V) was tolled while Plaintiff engaged in the administrative review process. However, there is no question of fact as to when her state law claims for wrongful termination, whistleblower retaliation, and negligent hiring, retention, and supervision (Counts X, XI, and XII) accrued. Because these Counts were not subject to the tolling provisions of A.R.S. §12-821(C), and because they were filed outside the one-year limitations period set forth in A.R.S. § 12-821, these claims fail as a matter of law and should be dismissed with prejudice.

**I.     The District's Motion is Appropriately Brought Under Federal Civil Procedure Rule 12(b)(6).**

"A motion to dismiss based on a statute of limitations defense is properly brought under Rule 12(b)(6)." *Ranch Realty, Inc. v. DC Ranch Realty, LLC,* 614 F. Supp.2d 983, 987 (D. Ariz. 2007). "Such a motion may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Id.* quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). Further, "[t]he state of limitations defense … may be raised by a motion to dismiss ..[i]f the running of the statute is apparent on the face of the complaint." *Normandeau v. City of Phoenix,* 516 F.Supp.2d 1054, 1065 (D. Ariz. 2005) quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). A claim accrues under the notice of claims statute when the plaintiff "realizes he or she has been damaged and knows or reasonably should know" the cause of the damage. A.R.S. 12-821.01(B).

In this case, Plaintiff alleges that on Monday March 25, 2024 a confrontation occurred between herself and a manager for the District, Gloria Landa-Estrada.[1] [Doc. 1, ¶ 35]. Plaintiff also alleges that on the next day she returned to work and "an onslaught of retaliatory conduct commenced against her." [Doc. 1 ¶ 59]. Plaintiff also alleges that she continued experiencing aggression from "Gloria and Matt in retaliation for her complaint." [Doc. 1 ¶ 100]. On June 4, 2024, Plaintiff was terminated from her position with the District. [Doc. 1 ¶ 144-145]. Therefore, Plaintiff realized she had been damaged and knew or reasonably should have known the alleged cause of the damage as of June 4, 2024, at the latest. According to A.R.S. §12-821, Plaintiff had one year to file her state law claims against the District. However, Plaintiff's Complaint was not filed until October 30, 2025. Therefore, the running of the statute is apparent on the face of the Complaint, and Plaintiff's

---

[1] The Complaint says Monday March 26, 2025, but this was in error as other allegations in the Complaint confirm that March 25, 2024 is the correct date. *See e.g.* ¶ 144 of the Complaint. Also, March 26, 2025 is a Wednesday, whereas March 25, 2024 is a Monday, which is the day during the week this event took place.

state laws claims that were not subject to tolling should be dismissed (Counts X, XI, and XII).

## II. No Question of Fact Exists as to When Plaintiff's Claims Accrued.

Plaintiff's response motion admits that the Complaint establishes "as a matter of fact when Plaintiff discovered, or reasonably should have discovered, the facts giving rise to these claims" but argues a demand letter sent on October 21, 2024 (within a year of her June 4, 2024 termination) served as a notice of claim, and service was proper so Plaintiff's claims were timely. However, the District did not argue that the demand letter did not satisfy the notice of claim or service requirements set forth in A.R.S. § 12-821.01(A). Rather, the District's motion was filed based on the argument that A.R.S. § 12-821 mandates that "all actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. §12-821. A notice of claim letter does not toll the statute of limitations for claims against a public entity, nor does a claim against the public entity "accrue" for limitations purposes upon denial of the notice of claim. *See Stulce v. Salt River Project Agr. Imp. And Power Distr.,* 197 Ariz. 87, 92, 3 P.3d 1007, 1012, ¶ 17 (App. 1999) Therefore, regardless of whether the October 21, 2024 demand letter satisfied the notice of claim requirements, the Complaint was not filed until well after a year following Plaintiff's termination date. Pursuant to A.R.S. §12-821, the claims are untimely and Plaintiff has not shown that these claims are subject to the tolling provision in A.R.S. §12-821.01(C). Accordingly, Counts X, XI, and XII should be dismissed with prejudice.

## III. Conclusion.

Ponce's state-law claims that were not subject to the administrative review process are not timely pursuant to the limitations period set forth in A.R.S. § 12-821. No amendment to the Complaint can cure this deficiency. The Court should therefore dismiss Counts X, XI, and XII of the Complaint, with prejudice.

Dated on January 12, 2026.

                               BARRETT & MATURA, P.C.


By /s/ Jeffrey C. Matura
    Jeffrey C. Matura
    Melissa J. England
    Meral Kocak
    8925 East Pima Center Pkwy, Suite 215
    Scottsdale, Arizona 85258
    Attorneys for Defendant Maricopa
    Consolidated Water Improvement District

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to CM/ECF registrants, and emailed a copy to:

Daniel Cohen
Consumer Attorneys, PLLC
68-29 Main Street
Flushing, New York 11367
dcohen@consumerattorneys.com
Attorneys for Plaintiff Celida Ponce

Emanuel Kataev
Sage Legal, LLC
18211 Jamaica Avenue
Jamaica, New York 11423-2327
emanuel@sagelegal.nyc
Attorneys for Plaintiff Celida Ponce


/s/ Saidi E. Daahir
Saidi E. Daahir