**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Celida Ponce, | No. CV-25-04080-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa Consolidated Domestic Water Improvement District, | |
| Defendant. | |

The Court **grants** Maricopa Consolidated Domestic Water Improvement District's (the "District") Motion to Dismiss Counts X, XI, and XII (Doc. 9) for the following reasons.[1]

This is an age and sex discrimination case brought by Plaintiff Celida Ponce against the District, her former employer. (Doc. 1 at 2.) An exhaustive recitation of the facts is not necessary to resolve the present Motion. As relevant to this Order, Plaintiff alleges that she was illegally terminated on June 4, 2024. (Doc. 1 at 18.) Plaintiff thus brings claims of wrongful termination under the Arizona Employment Protection Act, retaliation under the Arizona Public Employee Whistleblower Law, and a claim of negligent hiring, retention, and supervision. (Doc. 1 at 32–36.) The parties agree that these claims accrued on June 4, 2024. (*See* Doc. 9 at 5; Doc. 10 at 4.) Plaintiff brought this suit on October 30, 2025. (Doc. 1.)

The District argues that Plaintiff's claims are untimely under A.R.S. § 12-821. That

---

[1] The District originally moved to have Counts IV and V dismissed. (Doc. 9 at 1.) The District no longer seeks dismissal of these claims. (Doc. 13 at 1.)

statute imposes a one-year statute of limitations on "[a]ll actions against any public entity," which includes the District. § 12-821. At face value, Plaintiffs claims fail because she failed to bring them within one year of June 4, 2024.

Plaintiff contends that dismissal is improper because it served the District with a Notice of Claim on October 21, 2024. (Doc. 10 at 4.) It appears that Plaintiff misunderstands the District's argument. Plaintiff, in her Response, argues that she correctly filed a Notice of Claim. (Doc. 10 at 5.) The District did not challenge the propriety of Plaintiff's Notice of Claim; the District contends that Plaintiff's claims are untimely under § 12-821. Plaintiff does not address this argument as Plaintiff does not argue that filing a Notice of Claim tolled her claims. Indeed, Arizona courts have expressly found otherwise. *See, e.g.*, *Stulce v. Salt River Project Agr. Imp. & Power Dist.*, 3 P.3d 1007, 1012 (Ariz. Ct. App. 1999) (noting that § 12-821.01(C)—the notice of claim statute—only "appl[ies] to alternative dispute resolutions or administrative claims and review processes"); *France v. Arizona Ctys. Ins. Pool*, 519 P.3d 1029, 1032 (Ariz. Ct. App. 2022).

Accordingly,

**IT IS ORDERED granting** the District's Motion to Dismiss Counts X, XI, and XII (Doc. 9). These counts are dismissed with prejudice.

Dated this 29th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 2 -