Daniel Cohen, AZ Bar # 032552
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
Telephone: (718) 770-7901
Fax: (718) 715-1750
dcohen@consumerattorneys.com

Emanuel Kataev, Esq.
*Admitted pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Celida Ponce*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Celida Ponce,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa Consolidated Domestic Water Improvement District,<br><br>Defendant. | **Case No.:** 2:25-cv-4080 (SMB)<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's Order Setting Rule 16 Case Management Conference [Doc. 15], the parties submit the following Joint Case Management Report.

**1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

On behalf of the Plaintiff: Emanuel Kataev, Esq.

On behalf of the Defendant: Jeffrey Matura, Esq.
Melissa England, Esq.

**2. A list of the parties in the case, including any parent corporations or entities (For recusal purposes):**

Plaintiff Celida Ponce

Defendant Maricopa Consolidated Domestic Water Improvement District

**3. A short statement of the nature of the case (3 pages or less):**

Plaintiff pursues claims against her former employer for discrimination, retaliation, and related claims. Defendant denies the allegations.

**4. The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes:**

Plaintiff pursues claims under Title VII of the Civil Rights Act of 1964 such that subject matter jurisdiction exists based on the existence of a federal question pursuant to 28 U.S.C. § 1331.

**5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise**

**appeared:**

All parties have been served.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings):**

The parties to not currently expect to add any parties or otherwise amend the pleadings subject to the Federal Rules of Civil Procedure (hereinafter “Rules” or “Rule”).

**7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

Defendant contemplates moving for summary judgment.

**8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

The parties do not consent to a magistrate judge for purposes of trial or dispositive motion practice, but may conduct a settlement conference following a mediation.

**9. The status of related cases pending before other courts or other judges of this Court:**

The parties report that there are no related cases.

**10. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (see Rules 16(b)(3), 26(f)(3)):**

The parties report that there are no issues related to the preservation, disclosure, or discovery of electronically stored information. The parties intend to produce discovery in native format to the extent they are in possession, custody, or control of any responsive information sought by the opposing party.

**11. A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3)):**

The parties are not aware of any issues relating to claims of privilege or work product and will comply with Rule 26.

**12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case:**

The parties agree to enter into a Rule 502(d) Order and will present the Court with an executed stipulated Order to that effect at an appropriate time.

**13. Discovery Limitations:**

The parties do not anticipate any issues nor do they seek to impose any discovery limitations other than those set forth in the Rules.

**14. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

| | | |
|---|---|---|
| a. | Completion of fact discovery: | March 26, 2027. |
| b. | Complete expert disclosures: | April 23, 2027 |
| c. | Completion all expert depositions: | May 28, 2027 |
| d. | Date for good faith settlement talks: | November 15, 2026 |
| e. | Deadline for filing dispositive motions: | June 18, 2027 |

**15. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):**

Plaintiff demanded a jury trial in her complaint pursuant to Rule 38.

**16. The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

The parties will conduct a mediation during or after discovery.

**17. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

The parties are unaware of any other matters that will aid the Court.

Respectfully submitted this 23rd day of July, 2026.

*By: /s/ Daniel Cohen*
Daniel Cohen, AZ Bar # 032552
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
Telephone: (718) 770-7901
Fax: (718) 715-1750
dcohen@consumerattorneys.com

Emanuel Kataev, Esq.
*Admitted pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Celida Ponce*